IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DERECK LEE PFEIL,

                        Plaintiff,                        OPINION AND ORDER

     v.

                                               13-cv-482-wmc

STATE OF WISCONSIN, DODGE COUNTY
and TODD NEHLS,

                     Defendants.

Plaintiff Dereck Lee Pfeil has filed a proposed complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Dodge County Jail. Pfeil has been found eligible for leave to proceed without prepayment of the filing fee. Because he proceeds *in forma pauperis*, the court must review the proposed complaint and dismiss any portion that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, plaintiff's request for leave to proceed must be denied for reasons set forth briefly below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following material facts.

Pfeil has a lengthy record of criminal offenses and traffic violations in at least five counties.[1] Most of those offenses occurred in Dodge County. Recently, Pfeil was charged in

---

[1] The court has supplemented the sparse allegations in plaintiff's complaint with dates and

Dodge County Case No. 2013CF106 with possession of cocaine (second offense), possession of THC (second offense); operating while intoxicated (second offense); operating with restricted controlled substance (two counts); possession of drug paraphernalia; and operating with a revoked license.  Pfeil also was charged with felony bail jumping (two counts) and operating with a revoked license in Dodge County Case No. 2013CF453.  Both cases remain pending.

According to the proposed complaint, Pfeil sues the State of Wisconsin, Dodge County and former Dodge County Sheriff Todd Nehls.  Pfeil contends that he was denied insulin at the Dodge County Jail for three days, which caused him to become ill and vomit. Pfeil does not indicate when this incident may have happened.  Noting that his blood sugar was high, Pfeil asked an unidentified member of the "medical staff" and an unidentified deputy sheriff for insulin but his requests appear to have been denied for lack of medical authorization.  Pfeil asked to go to the hospital, but that request was also denied.

Pfeil maintains that the defendants are liable for violating the Eighth Amendment prohibition against "cruel and unusual punishment."[2] He seeks unspecified compensatory damages for his suffering.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the

---

procedural information about his underlying proceedings from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013).  The court draws all other facts from the complaint.

[2] Pfeil also mentions 10 U.S.C. § 855, which prohibits cruel and unusual punishment by a military tribunal, and "Article 55" of an unspecified treaty, but he does not allege facts showing how these apply.

Federal Rules of Civil Procedure.   In particular, Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).  It is not necessary for a plaintiff to plead specific facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   By contrast, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim.  *Id.* (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).   To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr*., 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

Liberally construed, plaintiff alleges that he was denied adequate medical care in the form of insulin.  However, the pending complaint is factually insufficient in several respects. The complaint is vague as to the date of the alleged harm because plaintiff does not say when he was denied care.  In light of plaintiff's criminal record of offenses in Dodge County, plaintiff's failure to provide a specific date is not sufficient to give notice of his claim. Accordingly, his allegations do not satisfy Fed. R. Civ. P. 8(a).

Moreover, plaintiff does not fault any particular Jail policy or identify an individual who was personally involved with the incident that forms the basis for his complaint.  His conclusory allegations are insufficient to establish liability on the part of former Sheriff Nehls or Dodge County.  *See Monell v. Dep't of Soc. Servs., City of New York*, 436 U.S. 658, 691 (1978).  The only other defendant, the State of Wisconsin, is not a proper party.  Even assuming that it had some involvement with the conditions of plaintiff's confinement, a suit for money damages against a state is barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

For all of these reasons, the proposed complaint does not meet the pleading standard found in Fed. R. Civ. P. 8(a), and will be dismissed without prejudice for failure to state a claim.  Plaintiff may file an amended complaint in this case to cure the deficiencies outlined above.  To proceed, plaintiff must file an amended complaint within thirty days of the date of this order.  That proposed amended complaint must set forth a "short and plain statement" of his claims, *see* Fed. R. Civ. P. 8(a), providing the precise date(s) that he was denied insulin and identifying the individual defendant(s) who are responsible for the harm alleged.  If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A.  If plaintiff

4

fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Dereck Lee Pfeil's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to state a claim.

2. To proceed, plaintiff must file an amended complaint **within thirty days** of the date of this order.  That proposed amended complaint must set forth a "short and plain statement" of the facts in support of his claims.  *See* Fed. R. Civ. P. 8(a).

3. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A.  **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 21st day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge